IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Emanual Aurmond Bedford, | C/A No.: 5:24-1680-HMH-KDW |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| State of South Carolina, | |
| Respondent. | |

Emanual Aurmond Bedford ("Petitioner") proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the Petition in this case without prejudice.

Petitioner filed the instant handwritten pleading seeking to file a habeas petition. ECF No. 1. Petitioner's pleading, however, did not provide any other information about his detention, nor did he allege sufficient facts to show why he believed his detention was unconstitutional, or clearly explain the type of relief he was seeking. *Id.* On May 14, 2024, the court issued an order directing Petitioner to pay the filing fee or submit an application to proceed in forma pauperis and to complete a form § 2254 habeas petition. ECF No. 8. Petitioner was warned that the failure to comply with the court's order may subject the case to dismissal. *Id*.

In response to the May 14 order, Petitioner filed a motion to appoint counsel, and a motion for extension of time to file a response to the court's May 14 proper form order. ECF No. 11. Petitioner's Motion to Appoint Counsel was denied, and Petitioner's Motion for an Extension was

granted, and Petitioner was advised he had until June 18, 2024, to fully complete a form § 2254 habeas petition and to pay the filing fee or submit an application to proceed in forma pauperis. ECF No. 12.

On May 30, 2024, Petitioner filed a Motion to Amend/Correct Petition seeking to file a § 2241 habeas petition. ECF No. 14. Petitioner's Motion was granted, and the clerk of court forwarded a form § 2241 petition to Petitioner to be completed by June 23, 2024. ECF No. 16. Petitioner also filed a Motion to proceed in forma pauperis which was granted by the court on June 4, 2024. ECF Nos. 15, 18.

Petitioner filed a Second Motion to Appoint Counsel on July 22, 2024, that was denied by the court on August 9, 2024. ECF Nos. 24, 26. Petitioner was also advised that his deadline to file his amended habeas petition had expired, and Petitioner was directed to complete the form petition by August 23, 2024. *Id*. Petitioner was also warned if he failed to file an amended habeas petition, that a recommendation would be made to the district court to dismiss his case. *Id*.

On August 16, 2024, Petitioner filed a Motion to preserve date to file habeas petition. ECF No. 29. On August 19, 2024, the court advised Petitioner that the court was unable to rule on his motion to preserve the date as it was not clear what type of relief Petitioner was seeking. ECF No. 30. Petitioner was advised that he could clarify his motion by filing additional information with the court by September 2, 2024. *Id.* Petitioner was also directed to complete a form § 2241 petition by August 30, 2024, as his previous deadline to file his petition would expire on August 23, 2024. *Id.* The court also sent a blank form § 2241 petition to Petitioner to complete. *Id.* Petitioner's

deadline to file a response to the court's order and submit an amended habeas petition has expired, and Petitioner has not filed a response.

It is well established that a district court has authority to dismiss a case for failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). In addition to its inherent authority, this court may also sua sponte dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id.* at 630.

In considering whether to dismiss an action pursuant to Rule 41(b), the court should consider the following factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the [plaintiff's history of] proceeding in a dilatory fashion; and,
>
> (4) the effectiveness of sanctions less drastic than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (quoting *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)) (internal quotation marks omitted). These four factors "'are not a rigid four-pronged test'" and whether to dismiss depends on the particular circumstances of the case. *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (quoting *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)). For example, in *Ballard*, the court noted the Magistrate judge's explicit

3

warning to a litigant that a failure to obey his order would result in a recommendation that the district court dismiss his case. *Ballard*, 882 F.2d at 95–96. The court explained this warning was an important factor supporting dismissal. *Id.*

The Rule 41(b) factors weigh in favor of dismissal. Petitioner is personally responsible for his failure to comply with the court's proper form orders. Further, Petitioner was specifically warned his case may be dismissed if he failed to bring his case into proper form. *See* ECF Nos. 8, 26. Despite having multiple opportunities to provide the court with the requested information, Petitioner has not done so. Because Petitioner has failed to provide the court with sufficient information to evaluate the claims he is attempting to bring, his Petition is not in proper form. Accordingly, the undersigned recommends the court dismiss the instant Petition without prejudice. If the court accepts this recommendation, Respondent's Motion to Preserve Date to File Habeas Petition, ECF No. 29, will be rendered moot.

IT IS SO RECOMMENDED.

September 19, 2024　　　　　　　　　　　　　　　Kaymani D. West
Florence, South Carolina　　　　　　　　　　　　United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).